Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000578
30-APR-2014
08:38 AM

NO. CAAP-11-0000578

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RAYMOND RODRIGUEZ, SR., Petitioner-Appellant
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 03-1-0053 (CR. NO. 98-2504))

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Petitioner-Appellant Raymond Rodriguez, Sr.
(Rodriguez), appeals from the order denying his petition to
vacate, set aside, or correct judgment, or to release petitioner
from custody (Order Denying Petition) filed by the Circuit Court
of the First Circuit (Circuit Court)[1] on July 1, 2011. On
appeal, Rodriguez contends that the Circuit Court erred in
denying his petition, which was filed pursuant to Hawai'i Rules
of Penal Procedure (HRPP) Rule 40 (2006). In particular,
Rodriguez argues that the Circuit Court erred in rejecting his
claim that his court-appointed counsel in his direct appeal,
Edwin Baker (Baker), provided ineffective assistance, when Baker
"failed to have any meaningful communication with [Rodriguez]
before and during the appellate briefing process[.]" Rodriguez

---

[1] The Honorable Richard W. Pollack presided over the proceedings
relevant to this appeal.

also argues that he is entitled to relief because his court-appointed counsel in the HRPP Rule 40 proceeding, Joseph Mottl, III (Mottl), "failed to elicit any testimony at the Rule 40 hearing as to how the lack of communication with Baker resulted in the omission of appealable issues." As explained below, we affirm.

BACKGROUND

In the underlying criminal case, Rodriguez was found guilty after a jury trial of one count of attempted first-degree sexual assault of a person under fourteen years old (Count 2); and two counts of third-degree sexual assault of a person under fourteen years old (Counts 3 and 4). The complaining witness (CW) for these counts was a member of Rodriguez's family and was six years old at the time of the charged offenses. The Circuit Court[2] sentenced Rodriguez to twenty years of imprisonment on Count 2 and five years of imprisonment as to each of Counts 3 and 4, all terms to be served concurrently. The Circuit Court entered its Judgment on March 6, 2000, and an Amended Judgment on March 13, 2000.

Rodriguez filed a direct appeal of his conviction. R. Richard Ichihashi had served as Rodriguez's trial counsel. After the notice of appeal was filed, Tae Chin Kim (Kim) was appointed as appellate counsel for Rodriguez effective September 21, 2000. Prior to appellate briefing, Kim was permitted to withdraw as counsel, and on March 2, 2001, Baker was appointed as Rodriguez's appellate counsel. By Memorandum Opinion issued on March 6, 2003, this court affirmed Rodriguez's Amended Judgment. State v. Rodriguez, No. 23425, 2003 WL 1084720 (Hawai'i App. Mar. 6, 2003). With respect to the issues raised by Rodriguez on appeal, we concluded that: (1) the Circuit Court did not err in denying Rodriguez's request for a hearing to determine whether the CW was competent to testify; (2) the Circuit Court did not abuse its discretion in qualifying Dr. Victoria Schneider as an expert

---

[2] The Honorable Karen S.S. Ahn presided over Rodriguez's sentencing.

witness; (3) Dr. Schneider did not offer an opinion as to the CW's truthfulness or credibility; (4) the Circuit Court was not required to issue a limiting instruction warning the jury not to use Dr. Schneider's testimony as evidence of the CW's truthfulness or credibility; and (5) there was sufficient evidence to support Rodriguez's convictions. Id., 2003 WL 1084720, at *7-15.

On December 1, 2003, Rodriguez filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Petition), pursuant to HRPP Rule 40, that is at issue in this appeal. In the Petition, Rodriguez asserted seven grounds for relief, including Ground 7 which stated:

> Appellate counsel failed to introduce himself to [Rodriguez]. [In] other words, [Rodriguez] did not meet with appellate counsel to prepare an appeal, nor did [Rodriguez] even know that he had an attorney appointed to file his appeal.

Respondent-Appellee State of Hawai'i (State) filed an answer and supplemental answer to the Petition in which it argued that Rodriguez's claims for relief were without merit. With respect to Ground 7, the State represented in its supplemental answer that it had spoken to Baker and received the following information:

> Mr. Baker related that at the time he was appointed to represent [Rodriguez], [Rodriguez] was incarcerated on the mainland at Florence Correctional Center in Arizona. Mr. Baker then reviewed the records and files provided by prior appellate counsel -- Tae Chin Kim, Esq. -- and notified [Rodriguez] by letter that he would be representing him on appeal. At that time, Mr. Baker enclosed a copy of the order appointing him as counsel and informed [Rodriguez] that he was in the process of reviewing the records and transcripts, however, he had yet to discover any significant appellate issues. In that same letter, Mr. Baker asked [Rodriguez] to notify him of anything that occurred to him concerning the appeal. Per Mr. Baker, he never received any reply or other information from [Rodriguez].
>
> After reviewing the records and transcripts, Mr. Baker was nonetheless able to identify and thereafter brief three potentially viable issues for appeal.

On August 10, 2004, the Circuit Court issued an amended order appointing Mottl, effective July 1, 2004, to represent

3

Rodriguez in the HRPP Rule 40 proceeding. Between August 10, 2004, and February 20, 2007, the hearing that the Circuit Court had set for Rodriguez's Petition was rescheduled numerous times at Rodriguez's request or the mutual agreement of the parties. On February 20, 2007, Rodriguez filed a First Supplemental Petition, in which he raised six additional grounds for relief. On June 20, 2007, the State filed its answer to the First Supplemental Petition.

On August 23, 2010, a status conference was held. Rodriguez's counsel explained that he had not earlier requested the scheduling of a hearing on the Petition and First Supplemental Petition for various reasons, including: "(1) the case had been reviewed by the Office of Disciplinary Counsel, (2) [Rodriguez] had signed an agreement to allow the file to be reviewed by the Hawaii Innocence Project at the William S. Richardson School of Law, (3) personal family issues of [Rodriguez's] counsel and the assigned deputy prosecuting attorney, and (4) [Rodriguez] had requested and continued to request that his counsel perform follow-up work on various matters relating to [his claims]." The Circuit Court scheduled a hearing for August 27, 2010, but Rodriguez requested time to file another supplement to the Petition.

On September 21, 2010, Rodriguez filed a Second Supplemental Petition, which asserted an additional seven grounds for relief, resulting in a total of twenty grounds for relief asserted by Rodriguez in his Petition.[3/] On February 24, 2011, the State filed its answer to the Second Supplemental Petition. The Circuit Court held a hearing and continued hearing on Rodriguez's Petition on February 25, 2011, and April 11, 2011.

At the February 25, 2011, hearing, Baker was asked to verify that the statements attributed to him in the State's supplemental answer to Rodriguez's initial Petition were true.

---

[3/] Unless otherwise indicated, our reference hereinafter to the "Petition" collectively includes the Petition, First Supplemental Petition, and Second Supplemental Petition.

Baker testified that he had "very little independent recollection of this matter," but that the statements attributed to him by the State

> appear to be an accurate account of what I told [the deputy prosecuting attorney] at that time which was that upon appointment by the Court, I sent a copy of the order to Mr. Rodriguez with correspondence introducing myself and asking him for information regarding the case and issues to be raised on appeal.
>
> I'm recalling in seeing Tae Chin Kim's name here that Mr. Rodriguez may have identified to him previously certain issues, and I think I recall telling him that we could only raise matters that were in the record, and later that's why I indicated at the end of the opening brief that if the appeal was denied, it would not be with prejudice to bringing a Rule 40 motion so that those issues outside the record could be brought in. That's about the essence of it.

Baker further testified that he did not recall receiving a reply to his correspondence from Rodriguez, and that he did not recall having any communications from Rodriguez or receiving information from Rodriguez with respect to Rodriguez's direct appeal.

Rodriguez testified at the February 25, 2011, hearing that he "didn't receive no communication, no telephone calls, or nothing" from Baker regarding the direct appeal.

On July 1, 2011, the Circuit Court filed its Order Denying Petition. The Circuit Court ruled that Rodriguez had waived his claims for relief by failing to rebut the presumption that he knowingly and understandingly failed to raise them on direct appeal. The Circuit Court further ruled that even assuming that the claims raised in Rodriguez's Petition had not been waived, the allegations and arguments Rodriguez asserted in his twenty grounds for relief had no merit. Accordingly, the Circuit Court denied the relief sought by Rodriguez in his Petition.

After Rodriguez filed his notice of appeal from the Order Denying Petition, Mottl was permitted to withdraw, and Randall Hironaka was appointed to represent Rodriguez.

DISCUSSION

I.

A.

In his appeal, Rodriguez focuses on the Circuit Court's denial of his claim for relief under Ground 7 of the Petition. In Ground 7, Rodriguez contended that: "Appellate counsel failed to introduce himself to [Rodriguez]. [In] other words, [Rodriguez] did not meet with appellate counsel to prepare an appeal, nor did [Rodriguez] even know that he had an attorney appointed to file his appeal." Rodriguez argues that the Circuit Court erred in denying his claim for relief as to Ground 7 because he claims that Baker, Rodriguez's attorney in his direct appeal, provided ineffective assistance of counsel by failing "to have any meaningful communication with [Rodriguez] before and during the appellate briefing process." We disagree.

"In order to establish the ineffective assistance of counsel on appeal, a petitioner must show that (1) his appellate counsel omitted an appealable issue, and (2) in light of the entire record, the status of the law, and the space and time limitations inherent in the appellate process, a reasonably competent, informed and diligent criminal attorney would not have omitted that issue." Domingo v. State, 76 Hawaiʻi 237, 242, 873 P.2d 775, 780 (1994). "An 'appealable issue' is an error or omission by counsel, judge, or jury resulting in the withdrawal or substantial impairment of a potentially meritorious defense. Every appealable issue is not required to be asserted." Briones v. State, 74 Haw. 442, 465-66, 848 P.2d 966, 977-78 (1993) (footnote omitted).

> If an appealable issue is omitted, then both the issues actually presented on appeal as well as those omitted are evaluated in light of the entire record, the status of the law and, most importantly, counsel's knowledge of both. Counsel's scope of review and knowledge of the law are assessed, in light of all the circumstances, as that information a reasonably competent, informed and diligent attorney in criminal cases in our community should possess. Counsel's *informed* decision as to which issues to present on appeal will not ordinarily be second-guessed. Counsel's performance need not be errorless. If, however, an

> appealable issue is omitted as a result of the performance of counsel whose competence fell below that required of attorneys in criminal cases then appellant's counsel is constitutionally ineffective.

Id. at 466-67, 848 P.2d at 978 (footnotes omitted).

"The quality of the legal briefs and argument concerning the issues actually appealed is considered as one factor indicative of whether counsel's omission of other appealable issues was the result of an informed decision or constitutionally inadequate preparation." Id. at 466 n.16, 848 P.2d at 978 n.16. An HRPP Rule 40 petitioner bears the burden of showing that his or her appellate counsel provided ineffective assistance. Id. at 460, 848 P.2d at 975.

B.

Although the Circuit Court found that Baker "did not communicate with [Rodriguez] during the pendency of [Rodriguez's] appeal[,]" it concluded that Rodriguez had failed to show that this failure to communicate denied Rodriguez the effective assistance of appellate counsel. In particular, the Circuit Court concluded that Rodriguez failed to indicate what appellate issues he would have brought to Baker's attention if communication had been established or to demonstrate that any appealable issue was omitted as the result of Baker's alleged incompetent performance. The Circuit Court also concluded that its review of the record indicated that Baker had made an informed decision regarding the issues to present on appeal. The Circuit Court therefore rejected Rodriguez's claim for relief as to Ground 7.

The Circuit Court explained its reasoning as follows:

> In this case, although the Court has found that [Rodriguez's] appellate counsel did not communicate with [Rodriguez] during the pendency of his appeal, [Rodriguez] has failed to demonstrate how this absence of communication affected the outcome of his appeal. Specifically, despite the filing of the Petition and two supplemental petitions, [Rodriguez] has failed to indicate which appealable issues he would have brought to the appellate counsel's attention with respect to errors or omissions at trial "resulting in the withdrawal or substantial impairment of a potentially meritorious defense[,]" nor has [Rodriguez] demonstrated

7

that "appealable issue[s] [were] omitted as a result of the performance of counsel whose competence fell below that required of attorneys in criminal cases[.]" See Briones, 74 Haw. at 465-67.

Furthermore, assuming other appealable issues could have been raised by appellate counsel that were not raised on direct appeal, the legal briefs submitted by appellate counsel contained extensive citations to the transcripts of Cr. No. 98-2504 [(the underlying criminal case)] and to case law relevant to the issues raised on appeal, which indicates that appellate counsel had "informed [himself] enough to present appropriate appealable issues in the first instance." Id. at 465. The quality of the legal briefs submitted by appellate counsel and the arguments contained therein also demonstrate appellate counsel's knowledge of the record and the status of the law. Specifically, the issues raised in [Rodriguez's] Opening Brief--which concerned (1) [Rodriguez's] request for a hearing to determine the complaining witness's competency, (2) the testimony of Dr. Schneider regarding the credibility of the complaining witness, and (3) the insufficiency of the evidence to support [Rodriguez's] convictions--were "appropriate appealable issues in the first instance." See Briones, 74 Haw. at 465.

Based on this examination, the Court finds that [Rodriguez] was not denied effective assistance of appellate counsel, and [Rodriguez's] claim in Ground Seven has no merit. Moreover, an analysis of the remaining grounds asserting ineffective assistance of appellate counsel herein do not demonstrate that appellate counsel omitted an appealable issue in the direct appeal of [Rodriguez's] conviction. See discussion infra Parts IV.O, IV.Q, IV.S.

(Some brackets added.)

### C.

We agree with the Circuit Court's analysis. Rodriguez's contention that the Circuit Court erred is premised on his argument that Baker's failure to communicate with him during the pendency of his direct appeal is sufficient, in itself, to establish ineffective assistance of appellate counsel. However, Rodriguez cites no authority for the proposition that the failure of appellate counsel to communicate with a defendant constitutes per se ineffective assistance of counsel. Moreover, Rodriguez's claim of per se ineffective assistance of appellate counsel for failure to communicate is inconsistent with Hawai'i's standard for ineffective assistance of appellate counsel, and Rodriguez's claim has also been specifically rejected by other jurisdictions. E.g. Campbell v. Green, 440 F. Supp. 2d 125, 152

(N.D.N.Y. 2006) ("[A]n appellate attorney's failure to communicate with his or her client, by itself, does not constitute *per se* ineffective assistance of counsel." (internal quotation marks and citation omitted)); State v. Gaither, 935 A.2d 782, 785 (N.J. Super. Ct. App. Div. 2007) (rejecting the argument that the failure to communicate by appellate counsel with his client is *per se* ineffective assistance of counsel).

Here, Rodriguez failed to meet his burden of showing that Baker omitted an "appealable issue." See Domingo, 76 Hawai'i at 242, 873 P.2d at 780; Briones, 74 Haw. at 465-66, 848 P.2d at 977. In particular, Rodriguez failed to show that if Baker had communicated with him, Rodriguez would have brought to Baker's attention "an error or omission by counsel, judge, or jury resulting in the withdrawal or substantial impairment of a potentially meritorious defense[,]" see Briones, 74 Haw. at 465-66, 848 P.2d at 977, which Baker failed to present on appeal. Rodriguez also failed to show that there was an appealable issue which Baker omitted that "a reasonably competent, informed and diligent criminal attorney would not have omitted[.]" See Domingo, 76 Hawai'i at 242, 873 P.2d at 780. We therefore affirm the Circuit Court's decision to deny Rodriguez's claim for relief as to Ground 7.

II.

Rodriguez also argues on appeal that Mottl, his counsel in the HRPP Rule 40 proceedings in Circuit Court, provided ineffective assistance. Specifically, he contends that Mottl provided ineffective assistance because Mottl "failed to elicit any testimony at the Rule 40 hearing as to how the lack of communication with Baker resulted in the omission of appealable issues."

We note that Rodriguez does not cite any authority establishing that he had the right to effective assistance of HRPP Rule 40 counsel. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (concluding that because there is no right under the United States Constitution to an attorney in state post-

conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings"). Even assuming *arguendo* that Rodriguez was entitled to the effective assistance of HRPP Rule 40 counsel, we conclude that Rodriguez's argument is without merit.

Rodriguez's argument assumes crucial facts he is required to prove -- namely, the existence of an "appealable issue" (as defined in <u>Briones</u>) that Baker failed to assert on appeal and which would have been revealed if Baker had communicated with him during the pendency of the direct appeal. If no such appealable issue existed, then Mottl cannot be faulted for failing to elicit testimony regarding non-existent facts. Because Rodriguez simply assumes, and fails to prove, the existence of crucial predicate facts necessary to support his claim that Mottl provided ineffective assistance, we reject this claim. <u>See</u> <u>State v. Richie</u>, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (concluding that to establish the ineffective assistance of trial counsel, a defendant has the burden of showing: "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." (format altered and citation omitted)).

CONCLUSION

We affirm the Circuit Court's Order Denying Petition.

DATED: Honolulu, Hawai'i, April 30, 2014.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Petitioner-Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

10